# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>    Plaintiff,<br><br>    v.<br><br>TERRONEZ, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-01629-WMW PC<br><br>ORDER REQUIRING PLAINTIFF EITHER TO FILE AMENDED COMPLAINT OR TO NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE<br><br>(Doc. 1)<br><br>RESPONSE DUE WITHIN THIRTY DAYS |

Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and is incarcerated at Kern Valley State Prison in Delano, California. Plaintiff is suing under section 1983 for the violation of his rights under the Eighth and Fourteenth Amendments. Plaintiff also claims Defendant violated the Americans with Disabilities Act ("ADA"). Plaintiff names medical technical assistant Terronez as defendant. For the reasons set forth below, Plaintiff will be given the opportunity to amend his complaint or to proceed only on the claims found to be cognizable in this order.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Background**

Plaintiff is a wheelchair-bound inmate. On April 4, 2007, Defendant Terronez deliberately refused to dispense Plaintiff's weekly medical supplies (diapers). Defendant Terronez did so under the guise that Plaintiff's medical prescription had expired. Plaintiff's medical prescription was permanent and should not have had an expiration date. However, when Plaintiff attempted to explain to Defendant that he needed his medical supplies, Defendant stated that she did not care and that Plaintiff should "suck it up and fill out a medical request." (Compl. ¶ 7.) Plaintiff filed a staff complaint and was told that his order for medical supplies was good until April 10, 2007. However, as a result of Defendant's failure to provide Plaintiff with his diapers, Plaintiff was forced to "eat, sleep, live, and breathe in his own encrusted feces from April 4, 2007 through April 11, 2007". (Compl. ¶ 8.)

///
///
///

## III. Discussion

### A. Eighth Amendment - Cruel and Unusual Punishment

Plaintiff alleges that Defendant Terronez's refusal to provide Plaintiff with his weekly supply of diapers constituted cruel and unusual punishment in violation of the Eighth Amendment of the U.S. Constitution. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", Id. (quoting Wilson, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993). Prisoner officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).

Plaintiff alleges that Defendant Terronez forced Plaintiff to live in unsanitary conditions that amounted to cruel and unusual punishment in violation of the Eighth Amendment. Defendant's actions caused Plaintiff to go without diapers for a week and live in his own feces. The inhumane

and unsanitary conditions alleged are "sufficiently serious" to satisfy the objective requirement for stating an Eighth Amendment violation. Plaintiff has also alleged that Defendant acted "deliberately" and denied Plaintiff his diapers "under the guise that Plaintiff's order expired." (Compl. ¶ 6.) Plaintiff's allegations sufficiently allege that Defendant acted maliciously and with deliberate indifference, satisfying the subjective element. Therefore, Plaintiff has stated a cognizable claim for an Eighth Amendment violation against Defendant Terronez.

### B. Americans with Disabilities Act

Plaintiff alleges Defendant Terronez's actions violated the ADA. Title II of the ADA "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). In order to state a claim of disability discrimination under Title II, Plaintiff must allege four elements: (1) that Plaintiff is an individual with a disability; (2) that Plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) that Plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of Plaintiff's disability. Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (citing Weinrecih v. L.A. County Metro. Transp. Auth., 114 F.3d 976, 978 (9th Cir. 1997).

Plaintiff does not allege a cognizable claim under the ADA. Although Plaintiff sufficiently alleges that (1) he is an individual with a disability because he is wheel-chair bound; (2) Plaintiff is otherwise qualified to receive medical treatment; and (3) Plaintiff was denied medical treatment, Plaintiff has failed to allege facts regarding the fourth element: (4) that he was denied benefits by reason of his disability. Plaintiff has not alleged why Defendant Terronez deprived Plaintiff of clean

diapers, other than suggesting that it was done maliciously. Therefore, Plaintiff fails to state a claim under the ADA.

### C. Fourteenth Amendment - Due Process

Plaintiff alleges Defendant Terronez violated his rights under the Due Process Clause of the Fourteenth Amendment. "[W]here a particular amendment provides and explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted). Plaintiff's rights are explicitly protected under the Eighth Amendment and it is not necessary to analyze Plaintiff's claim separately under the Fourteenth Amendment. Therefore, Plaintiff's claim proceeds as an Eighth Amendment claim, see supra Part III.A, and Plaintiff fails to state a separate claim under the Fourteenth Amendment.

## IV. Conclusion and Order

Plaintiff's complaint states cognizable claims against Defendant Terronez for cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff's complaint fails to state any other claims against Defendant Terronez. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only on the claims identified in this order as cognizable, Plaintiff may so notify the Court in writing, and the Court will issue a recommendation for dismissal of the other claims and defendants, and will forward Plaintiff one (1) summonses and one (1) USM-285 forms for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). With respect to

exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). In other words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's complaint because at this stage Plaintiff's factual allegations will be accepted as true. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . .", Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted), meaning Plaintiff must provide enough allegations in his complaint to demonstrate why he is entitled to the relief that he seeks.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint. Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:
    a. File an amended complaint curing the deficiencies identified by the Court in this order, or
    b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendants Terronez for violation of the Eighth Amendment; and
3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    April 6, 2009              /s/  William M. Wunderlich**

6

UNITED STATES MAGISTRATE JUDGE