# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>              Plaintiff,<br><br>    v.<br><br>TERRONEZ,<br><br>              Defendant. | CASE NO. 1:08-cv-01629-SKO PC<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. 15)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. 22) |

      Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 24, 2009, Defendant Terronez filed a motion to dismiss Plaintiff's complaint on the grounds that Plaintiff failed to state any claims upon which relief can be granted and failed to exhaust his administrative remedies prior to filing suit. (Doc. #15.) In response to Defendant's motion to dismiss, Plaintiff filed a motion for summary judgment on April 19, 2010. (Doc. #22.) The Court will deny the motion and instead construe Plaintiff's motion for summary judgment as an opposition to Defendant's motion to dismiss because at this stage in the litigation, a motion for summary judgment is not appropriate and it is apparent that Plaintiff is not well versed in the law. Defendant filed a reply to Plaintiff's motion for summary judgment/opposition on June 11, 2010. (Doc. #25.)

      Both Plaintiff and Defendant have consented to jurisdiction by U.S. Magistrate Judge. (Docs. #5, 16.) For the reasons set forth below, the Court will order that Defendant's motion to dismiss be denied.

## I. Background

### A. Plaintiff's Claims

This action proceeds on Plaintiff's first amended complaint. (Doc. #8.) In Plaintiff's first amended complaint, he claims that Defendant Terronez violated Plaintiff's rights under the Eighth Amendment and under the American's with Disabilities Act ("ADA").[1] Plaintiff claims that he is a disabled inmate who has a "prescribed medical supply order" for diapers. (Am. Compl. Civil Rights Act 42 U.S.C. § 1983 For Damages And Request For Jury Trial 4:22-23, ECF No. 8.)[2] Plaintiff claims that Terronez was the medical technical assistant at Kern Valley State Prison.

On April 4, 2007, Terronez refused to provide Plaintiff with his weekly supply of diapers, covering the week from April 4 through April 11. Plaintiff claims that Terronez withheld the diapers "under the guise that Plaintiff's order expired." (Am. Compl. 6:8-9, ECF No. 8.) Plaintiff contended that his diaper prescription was permanent and did not have an expiration date. Terronez alleged responded by stating that "she didn't care" and told Plaintiff to "suck it up and fill out a medical request." (Am. Compl. 6:16-21, ECF No. 8.) Plaintiff claims that Terronez later conceded that Plaintiff's order for diapers was good through April 10, 2007.

Plaintiff complains that as a result of Terronez's failure to provide him with diapers, Plaintiff was "compelled to eat, sleep, live, and breathe in his own encrusted human feces from April 4, 2007, through April 11, 2007." (Am. Compl. 6:26-28, ECF No. 8.) Plaintiff claims he suffered physical and emotional pain as a result of being forced to live in such barbaric and inhumane conditions.

### B. Defendant's Motion to Dismiss

Defendant argues that she is entitled to dismissal because Plaintiff fails to state a Section 1983 claim against her for the violation of Plaintiff's Eighth Amendment rights. Defendant also argues that Plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA").

---

[1] Defendant's motion to dismiss makes no mention of Plaintiff's ADA claim.

[2] Citations to Plaintiff's first amended complaint refer to the page numbers as electronically docketed. Plaintiff's page numbering differs from the page numbers as docketed because Plaintiff did not number the first three form pages of his complaint.

1    Defendant argues that Plaintiff fails to state a claim because Plaintiff failed to allege that
2  Defendant acted with deliberate indifference.  Defendant contends that "the failure to provide
3  [Plaintiff] with diapers because he had not completed the proper medical forms, even if negligent
4  or mistaken, does not constitute the type of wanton, deliberate disregard . . . under the Cruel and
5  Unusual Punishment Clause." (Def. L. Terronez's Mem. of P. & A. in Support of a Mot. to Dismiss
6  Prisoner A. Gaston's Am. Civil Compl. 3:7-10, ECF No. 15.)

7    Defendant also claims that Plaintiff did not exhaust his administrative remedies, as required
8  by the PLRA.  Defendant argues that "plaintiff has not indicated how and when he exhausted his
9  administrative remedies in his civil rights complaint." (Mem. of P. & A. in Supp. of Mot. to Dismiss
10 7:17-18.)

11   **C.    Plaintiff's Motion for Summary Judgment/Opposition**

12   Plaintiff argues that Terronez was fully aware of Plaintiff's incontinence and need for
13 diapers.  Plaintiff also contends that Terronez knew or should have known that medical supplies are
14 only issued once a week and that if Terronez did not provide Plaintiff with diapers, Plaintiff would
15 be without diapers for the whole week.  Plaintiff concludes that Terronez knew or should have
16 known that the failure to supply with Plaintiff would cause a significant risk of harm.  Plaintiff
17 argues that Terronez's remarks to Plaintiff telling him to "stop whining and suck it up," provide
18 further support for the conclusion that Terronez was deliberately indifferent toward Plaintiff's need
19 for diapers.

20   Plaintiff also argues that summary judgment is appropriate for Plaintiff's ADA claims
21 because Defendant failed to address Plaintiff's ADA claim in her motion to dismiss.  Plaintiff also
22 contends that he exhausted his administrative remedies with respect to his claims.

23   **D.    Defendant's Reply**

24   Defendant argues that Plaintiff's "opposition" contains nothing more than conclusory
25 allegations and fails to address the substantive issues in Defendant's motion to dismiss.  Defendant
26 contends that the delay in issuing the diapers caused no physical injury and Plaintiff failed to explain
27 how he exhausted his administrative remedies prior to filing suit.
28 ///

## II. Discussion

When ruling on a motion to dismiss under Rule 12(b)(6), "[a]ll allegations and reasonable inferences are taken as true, and the allegations are construed in the light most favorable to the non-moving party." Adams v. Johnson, 355 F.3d 1179, 1183 (9th Cir. 2004) (citing Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001)). However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the non-movant can prove no set of facts to support its claims." Id. Further, when ruling on a motion to dismiss, the Court generally may not consider any materials beyond the pleadings. Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997).

### A. Failure to State a Claim

Defendant claims that Plaintiff failed to state a claim under Section 1983 for the violation of his rights under the Eighth Amendment. The Court disagrees.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

  Defendant's argument relies on a mis-characterization of Plaintiff's claim. Defendant argues that Plaintiff fails to state a claim because defendant allegedly withheld the diapers from Plaintiff because Plaintiff did not complete the proper medical forms. However, Plaintiff's complaint does not allege that the diapers were withheld from him because he failed to complete the proper medical forms. Plaintiff alleges that he had a proper prescription for diapers. Plaintiff further implies that Defendant knew that his prescription was proper, yet failed to provide the diapers to Plaintiff. Plaintiff alleges that when Defendant was informed that Plaintiff's prescription for diapers was permanent, she callously responded by declaring that she did not care and told Plaintiff to "suck it up." Defendant disputes Plaintiff's version of the facts and argues that she denied Plaintiff's request for diapers because Plaintiff failed to fill out the proper forms. Plaintiff's complaint cannot be read in a manner that is consistent with Defendant's characterization of the facts and the Court cannot look beyond Plaintiff's complaint to resolve the motion to dismiss. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1997).

  Plaintiff alleges that he was forced to sit in his own encrusted feces for one week because Defendant Terronez refused to provide Plaintiff with a supply of diapers. Plaintiff complains that the conditions he was forced to live in were unsanitary and caused significant emotional and physical harm. The Court finds that Plaintiff has alleged a sufficiently serious deprivation for the purpose of meeting the objective requirement for stating an Eighth Amendment claim. Being forced to eat, sleep, live, and breathe in encrusted feces for a week almost certainly falls within the type of deprivation that offends contemporary standards of decency. See Hudson v. Mcmillian, 503 U.S. 1, 8 (1992) ("the Eighth Amendment's prohibition of cruel and unusual punishments 'draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society'"). The Court further finds that Plaintiff has alleged sufficient facts to support the conclusion that Defendant Terronez was aware of the obvious consequence of her actions. It is reasonable to conclude that a prison official who denied diapers to an incontinent inmate would be aware that their actions would almost inevitably result in the unsanitary conditions described by Plaintiff. The Court finds that Plaintiff has alleged sufficient facts to state a claim under the Eighth Amendment.

///

### B. **Exhaustion**

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

Defendant claims that Plaintiff failed to adequately explain how he exhausted his administrative remedies prior to filing suit. Plaintiff is not obligated to allege compliance with Section 1997e(a)'s exhaustion requirement in his complaint. Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendant has the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendant has presented nothing to prove the absence of exhaustion other than pointing out that Plaintiff failed to plead exhaustion in his complaint. The Court finds that Defendant failed to carry her burden of demonstrating exhaustion and will deny her motion to dismiss.

### C. **Plaintiff's Motion for Summary Judgment**

Plaintiff argues that summary judgment is appropriate for his ADA claim because Defendant failed to address the claim in her motion to dismiss. Plaintiff is advised that Defendant is not required to raise every defense to every claim in her motion to dismiss. Under Federal Rule of Civil Procedure 12(b), "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Defendant's motion to dismiss is not a responsive pleading. See Federal Rule of Civil Procedure 7(a) (defining pleadings). Defendant's responsive pleading is not due until fourteen (14) days after the Court denies Defendant's motion to dismiss. Defendant does not have to "dispute" Plaintiff's allegations in her motion to dismiss.

Further, the Court finds that Plaintiff's motion for summary judgment is premature. Summary judgment is only appropriate in situations where the material facts are not genuinely at issue. Defendant has not even filed an answer to Plaintiff's complaint. There has been no discovery conducted in this action. It is too early to determine when facts are in dispute. The Court will deny Plaintiff's motion for summary judgment.

### III.  **Conclusion and Order**

The Court finds that Plaintiff's first amended complaint states a cognizable claim for relief under Section 1983 for the violation of Plaintiff's rights under the Eighth Amendment. The Court further finds that Defendant failed to demonstrate that Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Court also finds that Plaintiff is not entitled to summary judgment.

Accordingly, it is HEREBY ORDERED that:

1. Defendant's motion to dismiss, filed on December 24, 2009, is DENIED; and
2. Plaintiff's motion for summary judgment, filed on April 19, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   July 28, 2010**                              /s/ Sheila K. Oberto
                                                                UNITED STATES MAGISTRATE JUDGE