# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>TERRONEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01629-SKO PC<br><br>ORDER PARTIALLY GRANTING PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 35)<br><br>RESPONSES FROM DEFENDANT DUE WITHIN 30 DAYS |

Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 23, 2010, Plaintiff filed a motion to compel. (Doc. #35.) Defendant Terronez ("Defendant") filed an opposition on January 12, 2011. (Doc. #36.) Plaintiff filed a reply on January 24, 2011. (Doc. #37.)

## I.　**Plaintiff's Motion to Compel**

Plaintiff seeks an order compelling Defendant to produce documents in response to his requests for production of documents. Plaintiff claims that he sent four separate document production requests between October 4, 2010, and October 19, 2010. Plaintiff also propounded a set of requests for admission on October 19, 2010. Plaintiff received a response to the first set of document production requests on November 16, 2010. Defendants refused to produce any documents. Plaintiff received responses to the second, third, and fourth sets of document production requests on December 9, 2010.

Plaintiff argues that Defendant's responses to the second, third, and fourth sets of document production requests were untimely and any objections to those requests should be deemed waived.

Plaintiff also argues that the discovery sought is relevant to the claims and defenses in this case. However, Plaintiff only provides detail regarding the relevance of his request for past "602s" and staff complaints filed against Defendant Terronez during her tenure at Kern Valley State Prison. Plaintiff contends that these records are relevant because the documents may contain information regarding past incidents where Terronez mistreated inmates. Plaintiff argues that the evidence may be admissible to demonstrate proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Plaintiff contends that the documents do not contain any personal information and do not intrude on Defendant's privacy.

Based on the documents attached to Plaintiff's motion, his first set of document production request only contains a single request for prior 602s and staff complaints filed against Defendant Terronez. Plaintiff has not attached the second, third, or fourth document production requests or responses to his motion. Plaintiff has failed to address how those requests are relevant or how Defendant's objections to those requests were improper.

**II.   Discussion**

**A.   Request for Prior 602s and Staff Complaints**

Plaintiff's original request for the prior 602s and staff complaints, propounded in his first set of document production requests, stated:

> Please produce every 602 and staff complaint against Lisa Terronez during her entire tenure while working at Kern Valley State Prison.

Defendant's response to the request stated:

> Objection. This request is compound, vague and ambiguous as to the phrase "602 and staff complaint." Defendant further objects that this request is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege, and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows:
> No documents will be produced.

In her opposition, Defendant fails to provide substantial support for these boilerplate objections. Defendant's opposition raises general arguments regarding the official information privilege, institutional security, over-breadth, and the burden of producing the documents. None of

1  these arguments are addressed specifically in the context of producing the 602s and staff complaints.
2  The only specific document requests addressed are Plaintiff's requests for "confidential records used
3  by defendants to determine if an inmate is a gang member or associated with a prison gang" (Def.'s
4  Opp'n to Pl.'s Mot. to Compel 8:15-7, ECF No. 36) and "the policies, procedures and practices as
5  well as numerous documents, notes and information pertaining to CDCR's personnel and inmates"
6  requested in Plaintiff's third set of document production requests (Opp'n 9:9-16, ECF No. 36.)
7  Defendant's opposition fails to demonstrate how the 602s and staff complaints are privileged,
8  threaten institutional security, are overly broad, or would be overly burdensome to produce.

9        Plaintiff has adequately demonstrated the relevance of the 602s and staff complaints which
10 consist of complaints and appeals filed by inmates accusing Defendant Terronez of misconduct.
11 Plaintiff correctly notes that these documents may be admissible or lead to other evidence that may
12 be admissible to demonstrate proof of motive, opportunity, intent, preparation, plan, knowledge,
13 identity, or absence of mistake or fact. It is unclear how these documents would violate the attorney
14 client privilege or work product doctrine. Nor is it clear how these documents would contain private
15 information that should be protected by the Court. Accordingly, the Court will order Defendants to
16 produce the requested documents.

17       **B.**    **Timeliness of Defendant's Responses**

18       Plaintiff contends that Defendant's responses to the second, third, and fourth sets of
19 document production requests were untimely because Plaintiff received the responses on December
20 9, 2010. Plaintiff argues that Defendant's objections to these document production requests should
21 be deemed waived because Defendant's responses were untimely.

22       The Court declines to address the timeliness of Defendant's responses because Plaintiff's
23 motion to compel fails to describe what documents Plaintiff requested in his second, third, and fourth
24 document production requests. Plaintiff did not attach the original second, third, or fourth document
25 production requests to his motion. The Court will not order Defendant to provide further responses
26 to these document requests when the nature of the requests is unclear. Accordingly, Plaintiff's
27 motion to compel will be denied with respect to these document production requests.
28 ///

III. **Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel is PARTIALLY GRANTED;

2. Defendants are ordered to produce all documents responsive to Plaintiff's first set of document production requests seeking all 602s and staff complaints filed against Defendant Terronez while she was employed at Kern Valley State Prison **within thirty (30) days of the date of service of this order**; and

3. Plaintiff's motion to compel is DENIED in all other respects.

IT IS SO ORDERED.

**Dated:     February 23, 2011**                        /s/ Sheila K. Oberto
                                                       UNITED STATES MAGISTRATE JUDGE