# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>             Plaintiff,<br><br>       v.<br><br>TERRONEZ,<br><br>             Defendant.<br>_____/ | CASE NO. 1:08-cv-01629-SMS PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(ECF. No. 35, 40) |

## I. Procedural History

Plaintiff Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the First Amended Complaint, filed May 4, 2009, against Defendant Terronez for violations of the Eighth Amendment and Americans With Disabilities Act. On February 24, 2011, an Order issued partially granting Plaintiff's Motion to Compel. (ECF No. 38.) On March 8, 2011, Plaintiff filed an Objection to the denial of his second, third and fourth Request for Production of Documents because he did sufficiently argue the relevance of the documents in his reply . (ECF No. 40.) Since this case has been reassigned the Court will grant Plaintiff's Request for Reconsideration.

## II. Complaint Allegations

Plaintiff alleges that he is a disabled inmate and has a permanent order for diapers. On April 4, 2007, Defendant Terronez refused to provide Plaintiff with his weekly order of diapers because she thought the order had expired. Due to Defendant's failure to provide him with his diapers, Plaintiff had to live in his own feces from April 4 through 11, 2007.

1

### III. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). For document production requests, responding parties must produce documents which are in their "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

### IV. Request for Production of Documents, Set Two

Plaintiff's Request for Production states:

> Please produce a copy of any documents that defendant relied on to believe that Plaintiff's order for diapers expired on April 10, 2007.

Defendants response states:

> Objection. This request is compound, vague, ambiguous, calls for speculation, is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege and HIPPA and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows:
> Cannot respond to this Request as phrased.

Plaintiff's argument: Plaintiff is alleging that Defendant Terronez' denial of his request for medical supplies was deliberately indifferent. The existence of any documents responsive to

1  this request are relevant to the claims in this action and should be in Plaintiff's medical file.

2  Defendant's objection: Defendant makes the same objection to all Plaintiff's requests for
3  production. The documents that are requested are protected by the Official Information Privilege.
4  This requires that Plaintiff make a threshold showing of need that is more than just speculative.
5  Once Plaintiff has made such a showing the documents should be ordered for *in camera* review.

6  Additionally, Defendant states that the documents requested are confidential records in the
7  personnel files of defendant and inmates and correctional facility records and are entitled to
8  heightened protection from disclosure. Finally, Plaintiff's requests are overbroad.

9  **Ruling:** Plaintiff is clearly requesting any documents that Defendant Terronez relied on when
10 she denied his request for his medical supplies on April 4, 2010. The existence of any responsive
11 documents would clearly be relevant to the claims in this action that Defendant acted with deliberate
12 indifference in denying Plaintiff's medically prescribed diapers. The Court fails to see how any
13 responsive documents would be entitled to privilege as they would be Plaintiff's medical records.
14 **Accordingly, Plaintiff's Motion to Compel is granted for Request for Production, Set Two.**
15 **Defendant is ordered to produce any documents responsive to this request within thirty days.**

16 **V.      Request for Production of Documents, Set Three**

17 Plaintiff's Request for Production No. 1 states:

18 > Produce a copy of [the] name and identity of Defendant's co-worker
> on April 4, 2007, D-Facility, at KVSP medical clinic.
19

20 Plaintiff's Request for Production No. 2 states

21 > Produce the name and identity of the nurse who wrote a progress note
> stating "continue previous supplies, add briefs 21 per week for three
22 > months." written on April 10, 2007.

23 Plaintiff's Request for Production No. 3 requests:

24 > Produce these correct names and identities.

25 Plaintiff's Argument: Plaintiff argues that information he is requesting is relevant as he
26 intends to call the nurse who wrote the medial notes on April 10, 2007 as a witness.

27 **Ruling:** While the information that Plaintiff requests may be relevant, the request is for
28 information, not a document. Defendant is not required to create a document in response to

Plaintiff's request. **Plaintiff's motion for additional responses to Request for Production of Documents, Set Three is denied.**

VI.    **Request for Production of Documents, Set Four**

Plaintiff's Request for Production No. 1 states:

> Plaintiff requests that Defendant Terronez produce work assignments from January 2006 through April 2007 as an MTA that consisted specifically of her regular five day a week work assignments while at KVSP?

Defendant's response states:

> Objection. This request is compound, vague and ambiguous as to the phrase "an MTA." Defendant further objects that this request is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows:
> After a diligent search and reasonable inquiry, no documents are in the care, custody, control or possession of Responding Party.

Plaintiff's Request for Production No. 2 states:

> Produce each work assignment from January 2006 through April 2007 as an MTA that consisted only of overtime work assignments while at KVSP?

Defendant's response states:

> Objection. This request is compound, vague and ambiguous as to the phrase "an MTA." Defendant further objects that this request is violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows:
> After a diligent search and reasonable inquiry, no documents are in the care, custody, control or possession of Responding Party.

Plaintiff's Request for Production No. 3 states:

> Produce each work assignment from January 2006 through April 2007 as an MTA that consisted only of "position swaps," (e.g. no over time only switching positions for co-workers) while at KVSP?

Defendant's response states:

> Objection. This request is compound, vague and ambiguous as to the phrase "an MTA." Defendant further objects that this request is

4

> violative of the attorney-client and/or work product protections, over breadth, not relevant, nor likely to lead to the discovery of relevant admissible evidence. It also violates the privacy interests of third parties, the Official Information Privilege and is unduly burdensome. Subject to and without waiving these objections, defendant responds as follows:
> After a diligent search and reasonable inquiry, no documents are in the care, custody, control or possession of Responding Party.

Plaintiff's argument: Defendant Terronez "suspiciously" disappeared from her work assignment on April 7, 8, and 11, 2007. Plaintiff alleges it is not uncommon for employees to swap shifts. If an employee swaps shifts with another employee this is not considered overtime. Plaintiff states the work assignment information is relevant as to why Plaintiff was absent from the medical unit on these date. Plaintiff alleges that the records are relevant to infer that the responsibility shifted to someone else because Defendant Terronez was not present on the three days specified.

**Ruling:** Although Plaintiff alleges that employees often swap shifts, the fact that Defendant Terronez was absent from the medical unit on April 7, 8 and 11, 2007, is irrelevant to the claim in this action that his medical supplies were denied on April 4, 2007. The Court fails to see how the documents requested are likely to lead to admissible evidence. **Plaintiff's motion for additional production for Request for Production of Documents, Set Four is DENIED.**

## VII.   Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's Motion for Reconsideration, filed March 8, 2011, is GRANTED; and
2. Plaintiff's Motion to Compel Production of Documents, Set Two, is GRANTED;
3. Plaintiff's Motion to Compel Production of Documents, Sets Three and Four, are DENIED; and
4. Defendants shall serve further responses to Plaintiff's Request for Production of Documents, Set Two, within thirty days of the date of service of this order.

IT IS SO ORDERED.

Dated:   June 21, 2011                         /s/ Sandra M. Snyder
                                               UNITED STATES MAGISTRATE JUDGE