1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10  ANTHONY GASTON,                              1:08-cv-01629-GSA-PC

11                          Plaintiff,           ORDER DENYING DEFENDANT'S MOTION
                                                 TO DISMISS
12          v.                                   (Doc. 42.)

13                                               ORDER IMPOSING STAY OF ALL
                                                 PROCEEDINGS IN THIS ACTION BASED ON
14  TERRONEZ,                                    THE YOUNGER ABSTENTION DOCTRINE
                                                 AND THE COLORADO RIVER DOCTRINE,
15                                               PENDING THE COMPLETION OF
                           Defendant.            PLAINTIFF'S STATE COURT PROCEEDINGS
16
17                                               ORDER FOR PARTIES TO FILE STATUS
                                                 REPORTS IN SIXTY DAYS
18  _____/

19  **I.      BACKGROUND**

20          Anthony Gaston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with

21  this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this

22  action on October 27, 2008.  (Doc. 1.)  This action now proceeds on the First Amended Complaint,

23  filed by Plaintiff on May 4, 2009, against defendant Correctional Officer Lisa Terronez

24  ("Defendant") for violations of Plaintiff's rights under the Eighth Amendment and the Americans

25  with Disabilities Act ("ADA").  (Doc. 8.)

26          The parties to this action have consented to the jurisdiction of a United States Magistrate

27  Judge pursuant to 28 U.S.C. § 636(c) for all further proceedings, including trial and entry of final

28  judgment.  (Docs. 5, 16.)

1    On May 12, 2011, Defendant filed a motion to dismiss this action based on the abstention

2    doctrine.  (Doc. 42.)  On June 7, 2011, Plaintiff filed an opposition.  (Doc. 45.)  On June 8, 2011,

3    Defendant filed a reply.  (Doc. 46.)  Defendant's motion to dismiss is now before the Court.

4    **II.    PLAINTIFF'S ALLEGATIONS AND CLAIMS**

5         **A.    Allegations**

6         Plaintiff alleges as follows in the First Amended Complaint.

7         Plaintiff is a wheelchair-bound inmate.  On April 4, 2007, Defendant MTA (Medical

8    Technical Assistant) Lisa Terronez deliberately refused to dispense Plaintiff's weekly medical supply

9    of diapers.  Defendant Terronez did so under the guise that Plaintiff's medical prescription had

10   expired.  Plaintiff's medical prescription was permanent and should not have had an expiration date.

11   However, when Plaintiff attempted to explain to Defendant that he needed his medical supplies,

12   Defendant stated that she did not care and that Plaintiff should "suck it up and fill out a medical

13   request."  (Compl. ¶ 7.)  Plaintiff filed a staff complaint and was told that his order for medical

14   supplies was good until April 10, 2007.  However, as a result of Defendant's failure to provide

15   Plaintiff with his diapers, Plaintiff was forced to "eat, sleep, live, and breathe in his own encrusted

16   feces from April 4, 2007 through April 11, 2007".  (Compl. ¶ 8.)

17        Plaintiff requests monetary damages as relief.

18        **B.    Claims**

19        Plaintiff is proceeding in this action on claims for violations of his rights under the Eighth

20   Amendment and the Americans with Disabilities Act ("ADA").[1]

21             **1.    Eighth Amendment - Adverse Conditions of Confinement**

22        The Eighth Amendment protects prisoners from inhumane methods of punishment and from

23   inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

24   Extreme deprivations are required to make out a conditions of confinement claim, and only those

25   deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

26   ───────────────

27        [1]Plaintiff named only one defendant, Lisa Terronez, in the First Amended Complaint, and brought only two
     claims, (1) for deliberate indifference in violation of the Eighth Amendment and (2) for discrimination in violation of

28   the ADA.  (Doc. 8.)  On May 8, 2009, the Court found that Plaintiff's First Amended Complaint stated cognizable
     claims against defendant Terronez for violating the Eighth Amendment and the ADA.  (Doc. 9 at 1:26-28.)

the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Id. at 731.

### 2.   Americans with Disabilities Act

Title II of the Americans with Disabilities Act (ADA) "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at 1052.

## II.   ABSTENTION DOCTRINES

Defendant brings a motion to dismiss this action based on the Younger abstention doctrine, the Colorado River doctrine, and the Rooker-Feldman doctrine.

### A.   Younger Abstention Doctrine

The Younger abstention doctrine is based on the longstanding policy that federal courts should not ordinarily enjoin pending proceedings in state courts. See Younger v. Harris, 401 U.S. 37, 45, 91 S.Ct. 746 (1971). The Ninth Circuit has found that the federal court "must abstain [from

decision on federal questions] under <u>Younger</u> if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that <u>Younger</u> disapproves." <u>San Jose Silicon Valley Chamber of Commerce Political Action Committee v. City of San Jose</u>, 546 F.3d 1087, 1092 (9th Cir. 2008) (citing <u>Gilbertson v. Albright</u>, 381 F.3d 965, 978 (9th Cir. 2004); <u>AmerisourceBergen Corp. v. Roden</u> ("<u>ABC</u>"), 495 F.3d 1143, 1149 (9th Cir. 2007)).  Abstention under <u>Younger</u> is the "exception rather than the rule." <u>Id.</u> (citing <u>ABC</u>, 495 F.3d at 1148) ("[W]hen each of an abstention doctrine's requirements are not strictly met, the doctrine should not be applied.")).

 <u>Younger</u> abstention applies not only where a federal action would interfere with a state criminal proceeding, but also "to federal cases that would interfere with state civil cases and state administrative proceedings." <u>San Jose Silicon Valley</u>, 546 F.3d at 1092 (citing <u>Ohio Civil Rights Comm'n v. Dayton Christian Schl, Inc.</u>, 477 U.S. 619, 627, 106 S.Ct. 2718 (1986)).  "[W]hen a federal plaintiff seeks monetary damages (rather than injunctive or declaratory relief) in a case requiring abstention under <u>Younger</u>, *dismissal* is not the appropriate procedural remedy. <u>ABC</u>, 495 F.3d at 1148 (citing <u>see</u> <u>Gilbertson</u>, 381 F.3d at 968).  "[R]ather, damages actions should be *stayed* until state proceedings are completed." <u>Gilbertson</u>, 381 F.3d at 968 (emphasis added).  However, "<u>Younger v. Harris</u> contemplates the outright dismissal of the federal suit, and the presentation of all claims, both state and federal, to the state courts[, if] the opportunity [exists] to raise and have timely decided by a competent state tribunal, the federal issues involved." <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577, 93 S.Ct. 1689, 1697 (1973).

  **1.** <u>**Defendant's Motion**</u>

 Defendant argues that the court should abstain from exercising its jurisdiction over this case under the <u>Younger</u> doctrine.  The Court agrees.

///

///

///

4

The Court takes judicial notice of court records submitted by Defendant from Plaintiff's state court cases, Kern County Superior Court case S-1500-CV-263755-AEU (Gaston v. Terrones)[2] and Fifth Appellate District Court of Appeal case F059783 (Gaston v. Terronez).[3]   (Exhs. A-D to Defendant's Motion, Docs. 42-3, 42-4, 42-5, 42-6, 42-7.)  The records show as follows.  Plaintiff filed case S-1500-CV-263755 against defendant L. Terronez at the Kern County Superior Court on April 7, 2008.  (Exh. A to Motion, Doc. 42-3 at 2.)  On May 22, 2009, the Superior Court sustained Defendant Terronez' demurrer to the complaint's state law causes of action for intentional tort, including intentional infliction of emotional distress, and for premises liability.  (Exh. B to Motion, Doc. 42-5 at 48.)  On December 2, 2009, the Superior Court granted Defendant Terronez' motion for summary judgment, finding in favor of Defendant on Plaintiff's claims for negligence, violation of the ADA, and violation of Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment.  (Exh. C to Motion, Doc. 42-6 at 3.)

In his opposition to Defendant's motion, Plaintiff admits that he filed case S-1500-CV-263755 at the Kern County Superior Court against defendant L. Terronez, raising claims of negligence, deliberate indifference, and discrimination, and that the case was resolved against him via summary judgment on December 11, 2009.  Plaintiff also asserts that he appealed the Superior Court judgment to the Fifth Appellate [District] Court on February 11, 2009.  Plaintiff provides evidence that the Fifth Appellate District Court of Appeal affirmed the Superior Court's judgment on May 12, 2011 in case F05983.  (Exh. 4 to Pltf's Request for Judicial Notice, Doc. 43 at 21-27.).  Plaintiff also asserts, without providing evidence, that he then appealed to the State Supreme Court.

## 2.   **Discussion**

With regard to the first prong of Younger, the Court finds that Plaintiff's state proceeding was ongoing at the time Plaintiff filed his federal action and is still proceeding.  Evidence shows that Plaintiff filed his state case S-1500-CV-263755 on April 7, 2008, *before* filing this federal case on

---

[2] While Plaintiff initially spelled defendant's last name as Terrones in the state court complaint, there is no disagreement that defendant Terronez is the same person.  The Court uses the spelling Terronez herein to avoid confusion.

[3] The court may take judicial notice of court records.  Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

October 27, 2008.  (Exh. A to Motion, Doc. 42-3 at 2.)  Evidence shows that case S-1500-CV-263755 was resolved against Plaintiff via summary judgment, and the Fifth Appellate District Court of Appeal affirmed the Superior Court's judgment on May 12, 2011 in case F05983.  (Exh. C to Motion, Doc. 42-6 at 3; Exh. 4 to Pltf's Request for Judicial Notice, Doc. 43 at 21-27.)  While Plaintiff makes a statement that he then appealed to the State Supreme Court, he has not provided any evidence that the appeal was submitted or resolved, and the Court finds no evidence of a case filed by Plaintiff on the California Supreme Court's docket.  Therefore, the Court finds that Plaintiff's state court proceedings are ongoing.  "[P]roceedings are deemed on going for purposes of Younger abstention until state appellate review is completed."  Gilbertson, 381 F.3d at 969 fn.4.

With regard to the second prong, the "importance of the [state's] interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case."  ABC, 495 F.3d at 1150 (alteration in original) (internal quotation marks omitted; see e.g., Champion Int'l Corp. V. Brown, 731 F.2d 1406, 1408 (9th Cir. 1984) ("Here the appellant challenges only one ... order, not the whole procedure.  This is not a substantial enough interference with Montana's administrative and judicial processes to justify abstention.")  Plaintiff's federal claims involve adverse conditions of confinement and discrimination against a California state prisoner.  Defendant argues that the State has a strong interest in the administration of its prisons and in eliminating discrimination, and the Court concurs.  "The legitimacy, and the necessity, of considering the State's interests in prison safety and security is well established by our cases."  Washington v. Harper, 494 U.S. 210, 110 S.Ct. 1028 (1990).  A state's "commitment to eliminating discrimination" is a "goal [that] plainly serves compelling state interests of the highest order."  Roberts v. U.S. Jaycees, 468 U.S. 609, 624 (1984).  Thus, the second prong of Younger is satisfied.

With regard to the third prong, the Court finds that Plaintiff's state case provides him with an adequate opportunity to raise his federal claims.  Plaintiff's state and federal cases both proceed on Plaintiff's federal claims under the Eighth Amendment and the ADA.  Plaintiff makes the same allegations against the same defendant in both cases, that defendant Terronez discriminated against Plaintiff because of his disability when Terronez deliberately refused to dispense Plaintiff's weekly medical supply of diapers, forcing Plaintiff to "eat, sleep, live, and breathe in his own ... feces" for

approximately seven days from April 5, 2007 through April 11, 2007.   (Federal Complaint, Doc.
1 at 6 ¶4; state complaint at Doc. 42-3, p. 5.)   In the state case, Defendant filed a motion for summary
judgment which was granted in favor of Defendant on Plaintiff's claims for negligence,
discrimination under the ADA, and cruel and unusual punishment under the Eighth amendment,
concluding the action at the Superior Court level.   (Exh. C. to Motion, Doc. 42-6 at 2-3.)   Thus,
Plaintiff was able to adequately raise his federal claims in his state case, and the third prong is
satisfied.

   With regard to the fourth prong, the Court finds that Plaintiff's federal court action would
have the practical effect of enjoining the proceedings in state court.   Plaintiff seeks damages as relief
for violation of his civil rights, and the federal court's decision to award damages would have the
effect of effectively invalidating the decisions of the Superior Court and the Fifth Appellate District
Court of Appeals.   Therefore, the fourth and final prong is satisfied.

   Based on the foregoing, all of the requirements upon which application of <u>Younger</u>
abstention is conditioned are met in this case and, accordingly, the Court shall abstain from hearing
Plaintiff's federal claims.   Plaintiff's claims for money damages shall be stayed until the state court
proceedings are complete.   <u>See</u> <u>Gilbertson</u>, 351 F.3d at 975 (en banc) (outlining circumstances under
which <u>Younger</u> is appropriate) ("[W]hen damages are sought and <u>Younger</u> principles apply, it makes
sense for the federal court to refrain from exercising jurisdiction temporarily by staying its hand until
such time as the state proceeding is no longer pending".)

   **B.**  **<u>Colorado River Doctrine</u>**

   Defendant also argues that the Court should abstain under the <u>Colorado River</u> doctrine.   The
Court agrees.

   "The <u>Colorado River</u> doctrine allows a district court to stay or dismiss a federal suit 'due to
the presence of a *concurrent* state proceeding for reasons of wise judicial administration.'" <u>Minucci
v. Agrama</u>, 868 F.2d 1113, 1115 (9th Cir. 1989) (quoting <u>Moses H. Cone Memorial Hosp. v.
Mercury Constr. Corp.</u>, 460 U.S. 1, 15, 103 S.Ct. 927, 936 (1983) (emphasis added) (quoting

1    Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 818, 96 S.Ct. 1246 (1976)).[4]

2    "Colorado River enumerated four factors that courts may consider in determining whether

3    'considerations of wise judicial administration' outweigh the duty to exercise federal jurisdiction:

4    (1) whether the state court was the first to assume jurisdiction over a property; (2) the relative

5    inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the

6    order in which the courts obtained jurisdiction." ABC, 495 F.3d at 1155 (Ferguson, Circuit Judge,

7    concurring) (citing Colorado River, 424 U.S. at 818, 96 S.Ct. 1236)).   "In Moses Cone, 460 U.S.

8    at 23, 103 S.Ct. 927, the Supreme Court added two more considerations: (5) whether federal law

9    provides the rule of decision on the merits; and (6) whether the state court proceeding can adequately

10   address the rights of the federal plaintiff. ABC 495 F.3d at 1155  (Ferguson, Circuit Judge,

11   concurring).   The Ninth Circuit "also added . . . another factor: (7) whether the exercise of

12   jurisdiction would encourage forum-shopping." Id. (citing Fireman's Fund Ins. Co. v. Quackenbush,

13   87 F3d 290, 297 (9th Cir. 1996.) Stays or dismissals are permitted only in exceptional circumstances

14   because the 'federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction

15   given them."'" Id. at 1156 (citing Holder v. Holder, 305 F.3d 854, 867 (9th Cir. 2002) (quoting

16   Colorado River, 424 U.S. at 817, 96 S.Ct. 1236)).

17       **Discussion**

18       As Defendant has recognized, the first factor does not apply here, as this action does not

19   concern jurisdiction over a property.  The second factor, which questions the relative inconvenience

20   of the federal forum, is not at issue here, since Plaintiff is a inmate in the custody of the California

21   Department of Corrections and Rehabilitation, and can be transferred at any time from one facility

22   to another, changing his residence and the convenience of appearing at the  federal court.  Moreover,

23   because of his inmate status, Plaintiff primarily participates in litigation by sending and receiving

24   documents through the mail, making the federal forum as convenient as the state forum.  The third

25   factor weighs in favor of abstention because piecemeal litigation is nearly always undesirable in both

26

27       [4]Although sometimes referred to as such, the Colorado River doctrine is technically not a form of
28   abstention.  ABC, 495 F.3d at 1154 (Ferguson, Circuit Judge, concurring) (citing Colorado River, 424 U.S. at 813
     ("We hold that the dismissal cannot be supported under th[e] doctrine [or abstention] in any of its forms.")

federal and state court, due to the inconvenience and inefficiency of having decisions made in more than one forum. The fourth factor also weighs in favor of abstention, since in Plaintiff's case the state court obtained jurisdiction before the federal court. The fifth and sixth factors weigh in favor of abstention because Plaintiff's state court proceeding is adequately addressing his federal claims at this juncture, as discussed above. With regard to the seventh factor, if the federal court chooses to abstain in this action, there is little opportunity for Plaintiff to forum shop, and such opportunity should be discouraged.

Based on this analysis, the Court finds it appropriate to stay this action based on the Colorado River doctrine.

### C.   Rooker-Feldman Doctrine

In Defendant's reply to Plaintiff's opposition, Defendant raises a new argument for abstention based on the Rooker-Feldman doctrine. The Court declines to consider this new argument which Plaintiff was not afforded an opportunity to oppose. A district court can, in its discretion, decline to consider arguments raised for the first time in a reply brief. See Lane v. Dept. of Interior, 523 F.3d 1128, 1140 (9th Cir. 2008).

### III.   CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1.      Defendant's motion to dismiss this action is DENIED;

2.      A stay of all proceedings in this action is imposed, based on the Younger abstention doctrine and the Colorado River doctrine, until Plaintiff's state proceedings are concluded;

3.      The parties shall file status reports within sixty days of the date of service of this order, advising the Court of the status of Plaintiff's state court proceedings.


IT IS SO ORDERED.

**Dated:   February 27, 2012**                              **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

9