UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANTHONY GASTON,

           Plaintiff,

vs.

L. TERRONEZ,

           Defendant.

Case No.  1:08 cv 01629 GSA PC

ORDER RE DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 56)

       Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.   The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1]

**I.**    **Procedural History**

       This action proceeds on the May 4, 2009, first amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Salinas Valley State Prison, brings this action against Defendant Lisa Terronez, a correctional officer

_____

[1] Plaintiff filed a consent to proceed before a magistrate judge on November 6, 2008.  (ECF No. 5.)  Defendant filed a consent to proceed before a magistrate judge on December 24, 2009 (ECF No. 16.)

employed by the CDCR at Kern Valley State Prison.  The conduct at issue in this lawsuit

occurred at Kern Valley State Prison.  Plaintiff claims that Defendant Terronez subjected him to

unconstitutional conditions such that it violated the Eighth Amendment prohibition on cruel and

unusual punishment.   Defendant filed her motion for summary judgment on May 18, 2012.[2]

Plaintiff has opposed the motion.

## II.    Allegations

Plaintiff alleges that on April 4, 2007, Defendant "deliberately refused to dispense

Plaintiff's medically ordered weekly supplies . . . . specifically, defendant Terronez deprived

Plaintiff of clean diapers under the guise that plaintiff's order expired."  (Am. Compl. ¶ 6.)

Plaintiff alleges that he told Terronez that the authorization for his medical supplies was

permanent.  Plaintiff asked to speak to someone else.  Terronez told Plaintiff "she didn't care and

she was only doing her job, and when plaintiff requested to speak with someone else, defendant

said she was running things up in here, and plaintiff needed to suck it up and fill out a medical

request."  (Id. ¶ 6.)   Plaintiff further alleges that "according to defendant Terronez, staff

complaint response, defendant concedes that the order was still good until April 10, 2007, yet

plaintiff was nonetheless compelled to eat, sleep, live, and breathe in his own encrusted human

feces from April 4, 2007, through April 11, 2007."  (Id. ¶ 8.)

## III.   Res Judicata

Defendant argues that because Plaintiff's claims have previously been litigated in state

_____

[2] On May 27, 2009, the Court issued and sent to Plaintiff the summary judgment notice required
by Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988)  (ECF
No. 11.)  The order was re-served on Plaintiff on August 29, 212, in response to the Ninth Circuit's decision in
Woods v. Carey, 684 F.3d 934 (9th Cir. 2012)  (ECF No. 66).

court, his claims are barred by the doctrine of res judicata.  Defendant argues that because Plaintiff's claims were previously decided on the merits in state court, summary judgment should be granted in her favor based on the final decisions of the California state courts.  Defendant attaches as exhibits to her motion the following:

1.  Exhibit A:  Complaint filed April 7, 2008, by Plaintiff, entitled *Anthony Gaston v. Terronez*, Kern County Superior Court Case No. S-1500-CV-263755 AEW.

2.  Exhibit B:  Findings and Order dated December 2, 2009, by Kern County Superior Court Judge David R. Lampe granting Defendant Terronez's Motion for Summary Judgment in *Gaston v. Terronez*, Kern County Superior Court Case No. S-1500-CV-263755 DRL.

3.  Exhibit C:  Civil Case Information and Docket in *Anthony Gaston v. L, Terronez*, Kern County Superior Court Case No. S-1500-CV-263755 showing the Judgment affirmed on appeal without opinion on August 5, 2011 by the California Court of Appeal, Fifth Appellate District.   The Court grants Defendant's request to take judicial notice of her exhibits.[3]

Under 28 U.S.C. § 1783, federal courts are required to give state court judgments the preclusive effect they would be given by another court of that state.  <u>Migra v. Warren City Sch. Dist. Bd. of Educ.</u>, 465 U.S. 74, 84 (1984); <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004).  California law holds that a final judgment of a state court "precludes further proceedings if they are based on the same cause of action."  <u>Maldonado</u>, 370 F.3d at 952.   In determining the preclusive effect of a state court judgment in federal section 1983 actions, federal courts must

_____

[3] The Court may take judicial notice of court records in another case.  Fed. R. Evid. 201; <u>See United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980)(stating that a court may take judicial notice of court records in another case).

look to state law.  Marrese v. American Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 379-380 (1985).  Unlike the federal courts, which apply a "transactional nucleus of facts" test, "California courts employ the 'primary rights' theory to determine what constitutes the same cause of action for claim preclusion purposes."  Id.

Under this theory, "a cause of action is (1) a primary right possessed by the plaintiff, (2) a corresponding primary duty devolving upon the defendant, and (3) a harm done by the defendant which consists in a breach of such primary duty."  City of Martinez v. Texaco Trading & Transp. Inc., 335 F.3d 758, 762 (9th Cir. 2003), citing Citizens for Open Access to Sand and Tide, Inc. v. Seadrift Ass'n., 60 Cal. App. 4th 1053, 1065 71 Cal. Rptr. 2d 77 (1998).  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery."  Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174, 197 Cal. Rptr. 612 (1983), quoted in San Diego Police Officers' Ass'n v. San Diego City Employee's Retirement Sys., 568 F.3d 725, 733 (9th Cir. 2009).

Page 4 of Defendant's Exhibit A is Plaintiff's statement of claim in the state court complaint.  Plaintiff alleges that:

> On 4-5-07 Plaintiff advised Terrones that he needed his weekly medical supplies (e.g. diapers, catheters, chucks, tape, and gloves and/or leg bag), which plaintiff had been receiving for over a year while at (KVSP), and defendant Terrones refused to issue plaintiff diapers.  Defendant Terrones actions and omissions compelled plaintiff to eat, sleep, live, and breathe in his own human feces for approx.. (7) days from 4-5-07 through 4-11-07, subjecting plaintiff to inhumane and barbaric living conditions, defendant Terrones conduct was negligent, with reckless disregard, subjecting plaintiff to intentional infliction of mental and emotional distress, mental and psychological deprivation, and actual pain and suffering, in

4

violation of plaintiff's due process under the 14th amendment to the constitution.

Defendant's Exhibit B, the order granting Defendant's motion for summary judgment in his state court case, Kern County Superior Court case number S-1500-CV-263755, DRL, establishes the following grounds for granting Defendant's motion for summary judgment:

> In each claim a foundational fact is that Terronez deprived Plaintiff of his diapers.  In support of her motion for summary judgment, undisputed facts 15, and 69, Defendant denies denying Plaintiff any diapers.  While it appears to be true that Plaintiff did experience a short time during which KVSP did not provide Plaintiff with his prescribed adult diapers, Terronez declares unequivocally at paragraph 12 of her declaration that she did not deprive him of his diapers.  Further she declares she was not a supervisor and did not have the authority to write or renew prescriptions and did not supervise other staff so as to tell them not to provide diapers to Plaintiff nor did she have authority to tell others to provide such diapers when she became aware that Plaintiff was out of diapers.  Furthermore, for three of the days of the alleged deprivation, Defendant Terronez either did not work or did not work in a position where she could provide or deny Plaintiff his diapers.  In contradiction to this statement, Plaintiff provided a sparse declaration wherein he fails to declare that she did deprive him of his diapers, or that she caused others not to provide him his diapers.  Other than his own four paragraph declaration, Plaintiff does not provide any other evidence from which one may find a triable issue of fact as to Terronez's direct denial of deprivation nor did she cause others not to provide him his diapers.  Plaintiff's declaration fails to show that Terronez was in some way responsible for not receiving his diapers, or that once knowing about the problem she possessed the power to cause him to be provided with diapers which power she deliberately failed to exercise out of some animus toward Plaintiff.

Defendant's evidence establishes that the same primary right is at issue in both lawsuits.  Defendant has established that Terronez was the same defendant in both actions.  The claims raised in the state court action were identical to the claims raised in this action.  Defendant argues that the amended complaint in this action re alleges the same facts for the same

time period, the same infringement of the same right and the allegation the Defendant Terronez

was responsible for the deprivation.   As noted above, "[I]f two actions involve the same injury

to the plaintiff and the same wrong by the defendant, then the same primary right is at stake even

if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of

relief and/or adds new facts supporting recovery." Eichman , 147 Cal. App. 3d at 1174.  Here,

the evidence submitted by Defendant clearly establishes that the two actions involve the same

injury to Plaintiff and the same wrong by Defendant.  Therefore, the same primary right is as

stake.  Plaintiff's federal claim is precluded by the judgment entered in Kern County Superior

Court case number S-1500-CV-263755 DRL.

   In his opposition, Plaintiff argues that the state court decision was incorrect.[4]  Plaintiff

contends that the evidence relied upon by the Superior Court was based upon perjured testimony

by Defendant.  Plaintiff contends that this action is not precluded by the state court litigation, as

they were filed at approximately the same time, and he twice amended his state court complaint.

Plaintiff argues that the state court judgment was not final.  Plaintiff's reasoning is that the state

court judgment  is not valid, as it was entered before he could complete discovery.   Plaintiff

contends that he did not have the opportunity to submit evidence that Defendant perjured herself,

and the state court judgment is therefore invalid.

**III.    Conclusion**

   Defendant's Exhibit  C  is Civil Case Information and Docket in *Anthony Gaston v. L,*

*Terronez,* Kern County Superior Court Case No. S-1500-CV-263755 showing the Judgment

---

   [4] The Court considers Plaintiff's opposition filed on July 16, 2012, and supplemental opposition
filed on July 30, 2012 (ECF Nos. 63, 64).

affirmed on appeal without opinion on August 5, 2011 by the California Court of Appeal, Fifth Appellate District.   Plaintiff argues that the judgment was incorrect, but offers no evidence that the summary judgment entered by the Superior Court is not a valid and final judgment.  Plaintiff offers no legal authority for his proposition that because he was pursuing both federal and state actions at the same time, a final judgment  entered in state court has no preclusive effect.  The evidence submitted by Defendant establishes, without dispute, that Plaintiff filed a state court action asserting the deprivation of the same primary right by the same defendant.  Defendant's evidence establishes that a final judgment was entered in Kern County Superior Court, and affirmed on Appeal in the California Court of Appeal, Fifth Appellate District.  Plaintiff offers no evidence to the contrary.  Defendant's motion for summary judgment should therefore be granted.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for summary judgment is granted.  Judgment is entered in favor of Defendant and against Plaintiff.  The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   __October 30, 2013__

**/s/ Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE