UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY GASTON,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>L. TERRONEZ,<br><br>　　　　　Defendant. | Case No. 1:08 cv 01629 GSA PC<br><br>ORDER RE MOTION FOR RECONSIDERATION<br><br>(ECF NO. 71) |

　　　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  Pending before the Court is Plaintiff's motion for reconsideration of the October 30, 2013, order granting Defendant's motion for summary judgment.

　　　　This action proceeded on Plaintiff's sole claim of unconstitutional conditions of confinement.  Plaintiff alleged that, due to the actions of Defendant, he was "compelled to eat, sleep, live and breathe in his own encrusted human feces from April 4, 2007, through April 11, 2007."  (Am. Compl. ¶ 8.)  Defendant moved for summary judgment on the ground that the issue had previously been decided on the merits in state court, and that summary judgment should be granted in her favor based on the final decision of the California state court.  In the order granting Defendant's motion, the Court found that the state court action was based on allegations that Plaintiff was "compelled to eat, sleep, live, and breathe in his own human feces for approx. (7) days from 4-5-07 through 4-11-07, subjecting Plaintiff to barbaric conditions."

1

The Court found that: Defendant was the same defendant in both actions; the claims raised in the state court action were identical to the claims raised in this action; the amended complaint in this action alleged the same facts for the same time period and the infringement of the same right; the allegation that Defendant Terronez was responsible for the deprivation. The Court found that the same primary right was at stake and that Plaintiff's federal claim was precluded by the judgment entered in state court.

The Court addressed Plaintiff's argument that the evidence relied upon by the Superior Court was based upon perjured testimony by Defendant, and that the state court judgment is not valid, as it was entered before Plaintiff could complete discovery. Plaintiff argued that he did not have the opportunity to submit evidence that Defendant perjured herself. The Court noted that the state court judgment was upheld on appeal by the California Court of Appeal. The Court found that Plaintiff failed to offer any evidence that the summary judgment entered by the Superior Court was not a valid and final judgment.

In his motion for reconsideration, Plaintiff argues that he was "precluded from a full and fair opportunity to litigate the action in state court when he was not afforded discovery." Plaintiff argues that, as a result, he "was unable to rely on the theory of evidence that could have impeached defendant Terronez." Plaintiff refers to "new evidence," but does not identify any specific evidence, or any evidence that was before the Court on Plaintiff's motion for summary judgment that created a triable issue of fact as to whether the judgment in Plaintiff's state court action precluded judgment in the federal action.

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A reconsideration motion "should not be granted absent highly unusual circumstances.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Cert. denied, 490 U.S. 1059 (1989). A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bit at the apple.'" See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking

reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering it original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)(internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  School District 1J, Multnomah County v. AC and S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  In addition, there may be other highly unusual circumstances warranting reconsideration.  Id.

Plaintiff re- asserts the arguments made in his motion for summary judgment.  Plaintiff fails to offer any newly discovered evidence, and has failed to make a persuasive argument that the Court committed clear error or that there has been an intervening change in controlling law.  Plaintiff's central argument is the one he made in opposition to the motion for summary judgment – that he did not have the opportunity to complete discovery in state court, and could therefore not present evidence in his favor.  That argument was before the Court in Defendant's motion for summary judgment.   Thus, the requirements for reconsideration have not been met and the motion must therefore be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is denied.

IT IS SO ORDERED.

Dated:   **March 17, 2014**               /s/ **Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE

3